IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES E. RUSSELL | § | |
| | § | |
| V. | § | A-14-CV-0053 SS |
| | § | |
| A LIST STAFFING | § | |

ORDER ON IN FORMA PAUPERIS STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are: Plaintiff James Russell's ("Russell") Motion For Leave to Proceed In Forma Pauperis (Dkt. # 1); and Plaintiff's Supplement to the Motion for In Forma Pauperis. Because Russell is requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of Russell's claims pursuant to 28 U.S.C. § 1915(e).

I. REQUEST TO PROCEED IN FORMA PAUPERIS

The Court has reviewed Russell's financial affidavit and has determined he is indigent and should be granted leave to proceed in forma pauperis. Accordingly, the Court hereby **GRANTS** Ruseell's request for in forma pauperis status. The Clerk of the Court shall file his complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C.

§ 1915(e). Russell is further advised, although he has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has made a § 1915(e) review of the claims made in this complaint and is recommending Russell's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.  REVIEW OF THE MERITS OF THE CLAIMS

**A.     General Background**

After Russell read an employment advertisement posted by Defendant A List Staffing ("Defendant") for a Tech Support position on "craigslist," he submitted his resume to Defendant. Shortly thereafter, Russell telephoned Defendant to inquire about his application and was informed that the position had already been filled. Thereafter, Russell filed a discrimination complaint with the City of Austin Equal Employment/Fair Housing Office ("EE/FHO") claiming that Defendant discriminated against him because of his race (African American). After investigating the matter, the City of Austin EE/FHO issued a finding of "no reasonable cause to believe Charging Party was discriminated against as alleged." See Investigator Memorandum, Attach. to Complaint. This determination was based on evidence showing that Russell was not offered the position because he did not meet the minimum qualifications for the job (six months of previous technical support experience). In addition, the City noted that the Tech Support positions were ultimately filled by other African American candidates with the requisite qualifications. Regardless of the "no

reasonable cause" finding by the City of Austin, Russell nevertheless filed the instant lawsuit against Defendant alleging that he was discriminated against because of his race.[1]  Russell also alleges that Defendant committed slander and defamation by "denying me sufficient and long term work, and lying to me about job vacancy [*sic*]." See Complaint at p.1.

**B.     Standard of Review**

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989);  *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.*, 490 U.S. at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.*, 490 U.S. at 327-28.  A complaint duplicating claims asserted in an earlier case may be deemed malicious and subject to summary dismissal.  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

**C.     Discussion**

Title VII of the Civil Rights Act of 1964 makes it an "unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

---

[1] This is the second race discrimination lawsuit Russell has filed in the Western District of Texas.  Russell's previous Title VII lawsuit against a different potential employer was ultimately dismissed by the District Court for failure to prosecute.  See Final Judgment in *Russell v. Volt Corporation*, 1:11-CV-915 LY.

because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "The Title VII inquiry is whether the defendant intentionally discriminated against the plaintiff." *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004) (internal quotation marks and citations omitted). Intentional discrimination can be established through either direct or circumstantial evidence. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001), *cert. denied*, 535 U.S. 1078 (2002). Because Russell presents no direct evidence of discrimination, his claim is analyzed under the circumstantial evidence framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

A Title VII plaintiff bears the initial burden of establishing a prima facie case of intentional discrimination. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011); see also *McDonnell Douglas*, 411 U.S. at 802. To state a prima facie case, the plaintiff must show that he (1) is a member of a protected class, (2) was qualified for the position, (3) was subject to an adverse employment action, and (4) was replaced by someone outside the protected class or, in the case of disparate treatment, show that others similarly situated were treated more favorably. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254(1981). If the employer sustains its burden, the prima facie case dissolves, and the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Vaughn*, 665 F.3d at 636 (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

Russell cannot make out a prima facie case of race discrimination in this case because Russell has failed to demonstrate that he was qualified for the Tech Support position in question since he did not have six months of technical support experience as was required for the position.  See *Henry v. Continental Airlines,* 415 F. App'x 537, 539-40 (5th Cir. 2011) (job applicant who was applying for positions on employer's website failed to allege prima facie discrimination claim where he failed to show that he was qualified for the position based on his computer skills).  In addition, Russell's own pleadings indicate that the Tech Support positions were ultimately filled by individuals within Russell's protected class, which also precludes Russell from making a prima facie claim of race discrimination under Title VII.  *See Adeleke v. Dallas Area Rapid Transit*, 487 F. App'x 901, 903 (5th Cir. 2012) (rejecting African American job applicant's Title VII discrimination claim where some of the disputed positions were filled by other African Americans), *cert. denied*, 134 S.Ct. 137 (2013); *Bowers v. Principi*, 70 F. App'x 157, 158-59 (5th Cir. 2003) (job applicant failed to make out prima facie case of race discrimination where he could not show employee outside his protected class received better treatment on circumstances nearly identical to his); *James v. Metro. Transit Auth. of Harris Cnty.*, 2013 WL 655713 at * 4 (S.D. Tex. Feb. 21, 2013) (African American plaintiff failed to demonstrate prima facie Title VII discrimination claim where he was replaced by African American).  Accordingly, Russell's Complaint fails to allege a sustainable race discrimination claim under Title VII.

Russell also fails to allege valid state law claims for defamation and slander.  In Texas, in order to maintain a defamation claim, a plaintiff must allege: (1) a false statement was made about the plaintiff; (2) the statement was published to a third party without legal excuse; and (3) the plaintiffs reputation was damaged as a result. *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161

(5th Cir. 2006). Slander is defamation committed through oral communication. *Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Russell has failed to allege that an alleged false statement was published to a third party or that his reputation was damaged as a result. Accordingly, he has failed to allege valid defamation and slander claims under Texas law.

Based upon the foregoing, Russell's Complaint fails to allege any valid claims for relief. Accordingly, the Court will recommend that this case be dismissed under 28 U.S.C. § 1915(e)(2).

### III.  RECOMMENDATION

The Magistrate Court hereby **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis. The Magistrate Court **RECOMMENDS** the District Court dismiss Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **FURTHER RECOMMENDS** that the District Court **DENY** all other pending motions and requests for relief.

### IV.  WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of February, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE